NORRIS, et al, Appellants, v. ECKERMAN, Respondent

(286 N. W. 324.)

(File No. 8199. Opinion filed June 9, 1939.)

*Payne & Olson,* of Vermillion, for Appellants.

*A. J. Beck,* of Elk Point, for Respondent.

RUDOLPH, J. This action involves an application upon behalf of appellants to have one Peter Yerter, executor of the estate of David Walter, deceased, discharged as such executor and to render an accounting. Pending the appeal to this court Peter Yerter died and the defendant, Ella Eckerman, has been appointed special administratrix of the estate. The only issue left for determination in the case is the accounting feature.

David Walter died in 1910, leaving a will naming Peter Yerter as executor. Yerter was appointed and qualified and acted as such executor throughout the years, and was acting as such when this proceeding was commenced in 1936. During the years of Yerter's administration of the estate he rendered annual accounts

to the county court of Union County, but did not include therein certain alleged activities with regard to the cutting and sale of timber from property belonging to the estate. The accounting for the timber operations is the only issue involved. The third paragraph of the Walter will provided: "I hereby give my executor full and complete authority to clear and improve all lands which I may own at the time of my death, in such manner and to such extent as may, in his judgment, be necessary and proper so as to produce the greatest rental and income."

The Walter estate consisted principally of the farm upon which it is. alleged the timber was cut. Yerter had rented this farm from David Walter just before he died, and after the death of Walter, Yerter moved onto the farm and continued to operate it thereafter. This farm is located along the Missouri River in Union County and the timber alleged to have been cut and unaccounted for consisted mostly of cottonwood and some elm, such as is found along the Missouri River in South Dakota. It is undisputed in the record that Yerter, after moving on to the farm, did clear the timber from some of the land, had some of the timber sawed into lumber, and the balance cut into fire wood. The trial court found the facts, as follows:

"That a major portion of all of said real estate was at the time of the death of said David Walter, typical Missouri River second growth cottonwood, ash and rocky-elm timber land; that a large part of it was so-called bar or accretion land; that the timber on said land had practically no value, and that the said timber land had no value whatsoever for farming purposes, and practically no value for any other purpose.

"The Court further finds that the said executor, pursuant to and in accordance with the directions and mandates contained in the last will and testament of David Walter, deceased, has, since the time of his appointment, improved the land belonging to the said estate and has added to its value in that he has cleared large tracts of said timber land and has made such tracts suitable for cultivation or farming purposes.

"The Court further finds that all of the usable clearings from said timber tracts were sawed into lumber or cut into wood by said executor; that said executor used approximately one-half of all of the lumber which was sawed in the course of said clearing

operations on said farm, in the repair of old and in the construction of new buildings on said farm; that the executor cut a part of said clearings into wood; that a part of said wood was used as fuel on said farm; that the executor sold all the rest of the lumber sawed and wood cut from said clearings, and that he applied all of the proceeds from such sales towards payment of actual and necessary expenses incurred by him in the course of the clearing operations on said David Walter farm."

These findings find ample support in the evidence.

 The will authorizes and directs the executor to clear the land of this standing timber. The executor should not, of course, be permitted to profit individually from these land clearing operations, but certainly he should not conduct this work at his own expense and be compelled to turn the gross proceeds over to the estate. The only issue, therefore, that was before the trial court was whether the executor had conducted this work at a profit to himself. The trial court found "that he applied all of the proceeds from such sales toward payment of actual and necessary expenses incurred by him in the course of the clearing operations." This finding is supported by the evidence and disposes of the entire case.

The judgment and order appealed from are affirmed.

All the Judges concur.